IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Clavon D. Jones, | ) | Civil Action No. 6:10-cv-2486-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Capt. Thomas, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. As a result, this matter was referred to a Magistrate Judge for pre-trial proceedings. The Magistrate Judge has made a report and recommendation that Defendants' motion for summary judgment be granted. (Dkt. No. 38). The Plaintiff has objected. After a *de novo* review, this Court adopts the recommendation of the Magistrate Judge.

**Analysis**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and

1

Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The plaintiff alleges that the defendants failed to provide for his reasonable safety and that this failure constituted cruel and unusual punishment violating the Eighth Amendment to the United States Constitution. Deliberate indifference to an inmate's safety needs is actionable under Section 1983. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (prison officials have duty to protect prisoners from violence "at the hands of other prisoners") (brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)). The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To succeed on any Eighth Amendment claim for cruel and unusual punishment, a prisoner must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "'[I]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'" *Moore v. Winebrenner*, 927 F.2d 1312, 1316 (4th Cir. 1991) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

Here, Plaintiff states that he is severely handicapped, describing himself in his complaint as "paralyzed" from the "shoulders down". (Comp. ¶10). However, in an earlier grievance to prison officials, he limited his paralysis to his "left side," and, per the

incident report referenced in and attached to Capt. Thomas' affidavit (Thomas aff., ex. A), the plaintiff reportedly took a swing at inmate Longs and was ultimately charged as the aggressor in the altercation. Clearly the plaintiff is not completely paralyzed. This revelation factors into the objective prong of the Wilson analysis cited above, as a completely paralyzed inmate would obviously need more protection than a less-disabled inmate. The fact that the plaintiff himself described his condition to prison officials prior to the altercation as being unable to move his left side, rather than being completely paralyzed from the shoulders down, allowed prison officials to reasonably conclude that he was not helpless and in immediate need of protection. Nothing else in the record, except the plaintiff's own conflicting statements, suggests otherwise. Clearly the plaintiff has failed to show that his condition heightened his need for extra security by prison officials and that he was deprived of such extra security.

Moreover, the record reveals that the defendants were unaware of any risk the other inmate posed to the plaintiff, regardless of his condition. While deliberate indifference to an inmate's safety needs is actionable under Section 1983, the deliberate indifference must relate to a known, specific risk of harm. *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). Both Capt. Thomas and Lt. Bradley testify in their affidavits that they were unaware that the other inmate was a threat to the plaintiff. A careful review of the two grievances filed by the plaintiff prior to the altercation reveals that they are not in contradiction to this testimony. In the January 25th grievance and the February 18th follow-up, the plaintiff requests a one-man cell, and he cites as a basis for his request the possibility that a roommate could harm him. Nowhere in either document does the plaintiff identify Longs (the other inmate) or describe any threats purportedly made by

3

him. Accordingly, the plaintiff has failed to respond with the requisite proof to survive summary judgment.

Further, the plaintiff names Ozmint and Ward as defendants but makes no factual allegations against them whatsoever. The doctrine of respondeat superior generally is inapplicable to Section 1983 suits. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977). The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.). The plaintiff has failed to make such a showing here. Based upon the foregoing, any claim against Ozmint and Ward fail.

Moreover, defendants are entitled to qualified immunity as their conduct did not violate any clearly-established constitutional or statutory rights of which a reasonable person should have known. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was

4

clearly established at the time of the alleged violation so that an objectively reasonable official in the defendant's position would have known of it. *Id.*

The plaintiff's conclusory allegations fail to demonstrate that the defendants violated his constitutional rights. Therefore, the defendants are entitled to qualified immunity.

## Conclusion

Based on the above, Defendants' motion for summary judgment is granted. (Dkt. No. 31).[1]

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May 23, 2011
Charleston, South Carolina

---

[1] Plaintiff also filed a motion to strike at the time he filed his objections and that motion is rendered moot by this Order.

5